IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 18-cv-3114

ABDULLAH MALLETT

    Plaintiff,

v.

MATHEW G. WIHITAKER, in his official capacity as Acting Attorney General;

DEBRA LIVINGSTON, in her official capacity as Special Agent in Charge of the Denver Office

of the Bureau of Alcohol, Tobacco, Firearms and Explosives; BUREAU OF ALCOHOL,

TOBACCO, FIREARMS AND EXPLOSIVES, and UNITED STATES DEPARTMENT OF

JUSTICE,

    Defendants.

---

**COMPLAINT FOR DECLARATORY RELIEF**

---

**INTRODUCTORY STATEMENT**

Plaintiff, Abdullah Mallett, by and through undersigned counsel, seeks declaratory relief.

The United States Department of Justice (DOJ) has refused to produce the name, alias and

contact information of a confidential informant (CI) utilized in an Arapahoe County state

investigation resulting in an Arapahoe County state prosecution of Plaintiff, Mr. Abdullah

Mallett.  Prior to the Federal Government's involvement, Arapahoe County, District Court Judge

Herron found the identity of the CI to be relevant and discoverable and ordered its disclosure.

Plaintiff believes that the information is relevant and exculpatory. Once the Federal

Government's interest in this CI was revealed, Plaintiff through counsel filed a request in compliance with the Touhy requirements. The DOJ refused disclosure. The DOJ's refusal to disclose the identity of the CI constitutes agency action that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and (4) without observance of procedure required by law. *See* Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (2)(B), (2)(C), (2)(D).

## JURISDICTION, VENUE, AND PARTIES

1. This Court has subject matter jurisdiction over this action pursuant to review under the Administrative Procedure Act, 5 U.S.C. § 551, 5 U.S.C. §§ 701-706. *See also State v. Rodarte*, 2010 WL 924099, 09-cv-02912-PAB-MEH (March 9, 2010) (holding similarly to *Gray*); *In re Gray*, 162 F.3d 1172 (10th Cir. 1998) (unpublished) (referring litigants in federal court action related to federal government refusal to produce certain documents held by a division of the DOJ to the APA for guidance on remedies available under such circumstances).

2. Venue is proper in the District Court of Colorado under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. Plaintiff is a resident of Colorado, currently residing in the Sterling Detention Center.

4. Defendant Mathew Whitaker sits at the head of the DOJ in his capacity as United States Attorney General.

5. Debra Livingston oversees the operations of the Denver, Colorado branch of the Bureau of Alcohol, Tobacco and Firearms and Explosives (ATF)—a division of the DOJ.

6.     The DOJ oversees enforcement of the federal laws and administration of fair and

       impartial justice for all within the jurisdiction of the United States, including residents of

       Colorado.

## STATEMENT OF FACTS

7.     On December 29, 2015, Aurora Police Officer Douglas Pearson, who also acts as a task

       force officer with the ATF, utilized a CI in a state investigation of a series of unsolved

       armed robberies occurring in Adams, Denver, and Arapahoe Counties. The CI provided

       an ear witness account of an individual, "Terrance", who admitted to involvement in the

       robberies. The CI was also aware of other individuals, including Mr. Mallett, involved in

       the robberies referring only to their alias.  "Terrance" was contacted by law enforcement

       on December 30, 2015, and implicated Mr. Mallett in the robberies. The Arapahoe

       County District Attorney's Office is prosecuting Mr. Mallett for approximately eight of

       the armed robberies occurring in Arapahoe County in case number 16CR894.

8.     On March 6, 2017, Plaintiff, through defense counsel, filed a Motion for Disclosure of CI

       Information in Arapahoe County case number 16CR894. (Exhibit A). This request was

       limited only to the CI's name, alias, and contact information. This request was initially

       orally granted on November 17, 2017, and then amongst some confusion, again in writing

       on March 30, 2018. (Exhibit B).

9.     Soon after the March 30th ruling, it was discovered that the ATF had an interest in this CI.

       Specifically, that Officer Pearson was only familiar with this CI through his work as an

       ATF task force officer.  On April 12, 2018, Assistant U.S. Attorney (AUSA) Juan

       Villasenor filed a non-party motion in the state case concluding that this CI worked for

the ATF, that the state court did not have jurisdiction to order disclosure, that certain federal regulations must be followed to obtain information held by a division of the DOJ, and that because those regulations had not been followed the request was denied. (Exhibit C).

10. On April 12, 2018, Plaintiff, through defense counsel, orally withdrew the Motion for Disclosure of CI Information indicating a desire to explore the disclosure federally.

11. On June 28, 2018, Plaintiff, through defense counsel filed a motion seeking to renew the Court's previous ruling of disclosure based on their belief and understanding that the CI was not exclusive to the ATF and that Officer Pearson eroded the federal shield for this CI by introducing her/him to a state investigation. (Exhibit D). The Department of Justice responded, disagreeing with the defense position that the CI was a state actor. (Exhibit E).

12. On July 18, 2018, the parties and a representative of the DOJ appeared in front of Judge Herron. She encouraged compromise, none was reached. Judge Herron then ordered defense counsel to subpoena Officer Pearson and the information essentially in compliance with *Toughy.* Judge Herron refused to state whether it was her position that this was a federal or state CI.

13. Between August 2nd and 20th 2018, defense counsel on behalf of the Plaintiff issued subpoenas for Officer Pearson in his capacity as an ATF task force officer and as an Aurora Police Officer. (Exhibit F). These subpoenas with the attached motion follow the *Toughy* requirements.

14. On August 31, 2018, AUSA Villasenor filed a Response to Plaintiff's renewed request for the CI information. (Exhibit G). In this response, AUSA Villasenor denied the defense request for the information and informed that Officer Pearson had been advised not to appear in court on the requested date. (Exhibit G). AUSA Villasenor further concluded that Officer Pearson's actions in relation to 16CR894 were in his capacity as a deputized ATF Task Force Officer rather than a state law enforcement officer. (Exhibit G).

15. On September 12, 2018, defense counsel, on behalf of the Plaintiff, outlined the remedies available. (Exhibit H). Specifically, dismissal, suppression, or find the CI acted outside of federal capacity and order disclosure hold Officer Pearson in contempt for failure to comply. (Exhibit H). Judge Herron in an oral order denied suppression and dismissal. Concerned that an order to disclose would be clouded by a jurisdiction issue and not resolve the issue at hand- is the CI state or federal- Judge Herron indicated that a defense filing under the Administrative Procedure Act was the best remedy.

16. Plaintiff's state court criminal case is set for a status on January 17, 2019, speedy trial is being tolled while the state vs federal CI issue is resolved.

## LEGAL BACKGROUND

### A. The Development of the United States Attorney General's Authority to Promulgate Regulations Effecting Disclosure of Information

17. Pursuant to 5 U.S.C. § 301, heads of federal agencies have been provided the power to promulgate regulations "for . . . the custody, use, and preservation of its records, papers, and property."

18. In 1951, the United States Supreme Court considered whether the United States Attorney General's (AG) creation of a rule restricting access to DOJ files, documents, records, and information without the direct approval of the AG or other qualified designee exceeded the agency's authority granted under 5 U.S.C. § 301. *See Touhy v. Ragen*, 340 U.S. 462 (1951).

19. In *Touhy*, the Supreme Court began its analysis by reciting the issues presented for review, "whether it is permissible for the [AG] to make a conclusive determination not to produce records and whether his subordinates in accordance with the order may lawfully decline to produce them in response to a [SDT]." *Id.* at 467. The Supreme Court declined to rule on the first issue of whether the AG may make conclusive determinations not to produce records. *See id*. In further limiting the issues, the Court held that the only issue presented by the facts of the *Touhy* matter in the context of the scope of the AG's authority was whether a *subordinate* to the AG may *rely* on the rules promulgated by the AG to decline to produce subpoenaed documents. *Id.*

20. The Supreme Court ultimately held that the AG did not exceed the statutory authority granting the AG the ability to create regulations, and that the AG's subordinates could not be held in contempt by a state court for refusing to comply with a SDT based on "the ground that the subordinate is prohibited from making such submission by his superior through [the regulations promulgated by the AG]." *Id.* at 467-68.

21. In 1951, at the time of the Supreme Court's issuance of the *Touhy* decision, 5 U.S.C. § 301 (formerly codified at 5 U.S.C. § 22 (1951)) read: "The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his

department, the conduct of its officers and clerks, the distribution and performance of its business, and *the custody, use, and preservation of the records, papers, and property appertaining to it*." *See Touhy*, 340 U.S. at 463 n. 2 (emphasis added).

22. In 1958, not long after the *Touhy* decision, Congress enacted an amendment to statute, which added to the language, "This section *does not authorize withholding information from the public or limiting availability of records to the public*." Act of August 12, 1958, Pub. L. No. 85-619 (emphasis added).

23. The current version of 5 U.S.C. § 301 retains the 1958 addition.

**B.  The DOJ *Touhy* Regulations and Procedure**

24. Pursuant to the promulgating power conferred by 5 U.S.C. § 301 and the *Touhy* holding, the DOJ has promulgated regulations pertaining to "the custody, use, and preservation of the records, papers, and property" of the DOJ. *See* 28 C.F.R. §§ 16.21-16.29.

25. The DOJ's regulations outline the procedure to request and obtain information held by the DOJ. The regulations require that to initiate the process to obtain information held by the DOJ for use in a state court or other proceeding in which the DOJ *is not* a party, the information-seeker must issue an initial "demand" for the information sought. *See People v. Duncan*, 500 P.2d 137, 139 (Colo. 1972) (acknowledging that the process to obtain information from the FBI, a division of the DOJ, had been initiated by defense counsel requesting an SDT in the state court proceeding); *State v. Rodarte*, No. 09-cv-02912-PAB-MEH, 2010 WL 924099 (D. Colo. Mar. 9, 2010) (acknowledging that proceeding initiated from state court issuing SDT for information held by FBI); *see also* 28 C.F.R. §§

16.21(a)(2), 16.22(b) (directing the responsible U.S. Attorney to follow certain

procedures outlined in the regulations upon receiving notice of a "demand.").

26. Once a demand is made, the DOJ regulations channel review of demands through the

"U.S. Attorney for the district where the issuing authority is located." 28 C.F.R. §

16.22(b). The U.S. Attorney, upon receiving a demand for anything other than oral

testimony, must (1) request a summary of the information sought and its relevance to the

proceeding, 28 C.F.R. § 16.22(d); and (2) notify "the official in charge of the bureau,

division, office, or agency of the [DOJ] that was responsible for the collection, assembly,

or other preparation of the material demanded . . . ." 28 C.F.R. § 16.24(a).

27. In Plaintiff's case, this official would oversee the Colorado division of the ATF, Special

Agent Debra Livingston.

28. Once having complied with the provisions of 28 C.F.R. §§ 16.22(d) and 16.24(a), the

U.S. Attorney must consider whether to authorize production of the demanded

information in light of 28 C.F.R. §§ 16.24(b)(1) through 16.24(b)(3), which outline

circumstances when disclosure should not be made.

29. Pursuant to 28 C.F.R. § 16.24(3), which directs the U.S. Attorney to consider factors in

28 C.F.R. § 16.26, the U.S. Attorney may not authorize disclosure if doing so "would

reveal a confidential source or informant." 28 C.F.R. § 16.26(b)(4).

30. Anytime the U.S. Attorney decides to refuse to comply with a demand for information in

a case in which the DOJ is not a party, but in which a division of the DOJ supervised the

investigation, the U.S. Attorney must notify the Assistant Attorney General. 28 C.F.R. §

16.24(b)(3), (d)(1).

31. In cases in which the information demanded pertains to a CI, the Assistant Attorney

    General, whom the U.S. Attorney notified, may disclose information pertaining to a CI if

    the Assistant Attorney General "determines that the administration of justice requires

    disclosure." 28 C.F.R. § 16.26(c). In making this determination, the Assistant Attorney

    General must consider whether "disclosure is necessary to pursue . . . criminal

    prosecution" and must consider the following factors: "(1) The seriousness of the

    violation or crime involved; (2) The past history or criminal record of the violator or

    accused; (3) The importance of the relief sought; (4) The importance of the legal issue

    presented; (5) Other matters brought to the attention of the [Assistant Attorney General]."

    *Id.*

A. **DECLARATORY JUDGMENT THAT THE DOJ ACTED IN VIOLATION OF 5 U.S.C. § 706(2)(A) IN CATEGORICALLY REFUSING TO ALLOW A STATE-EMPLOYED POLICE OFFICER TO DISCLOSE INFORMATION HELD MUTUALLY BY DOJ AND THE STATE OFFICER**

32. The preceding paragraphs 1-34 are incorporated herein.

33.  The DOJ acted arbitrarily, capriciously, abused its discretion, and otherwise acted not in

    accordance with the law in violation of 5 U.S.C. § 706(2)(A) by interjecting into a state

    court proceeding and forbidding a state law enforcement officer employed by Aurora

    Police Department, a state police agency, from complying with a state court order to

    disclose CI information known to and held by the Aurora Police officer.

34. It is the DOJ position that because a state law enforcement officer has also been

    deputized by the ATF, such deputation usurps state court power to obtain information

    held by the individual law enforcement officer. Further, that the task force officer title

shields disclosure of information despite its use in a state investigation resulting in a state prosecution.

35. Officer Pearson is employed by the Aurora Police Department and has been deputized by the ATF. Officer Pearson had direct contact with the ATF CI at issue in this Complaint and obtained information that was incorporated in a state court arrest affidavit, which led to Plaintiff's arrest and state court charges.

36. While the DOJ might utilize the CI, the DOJ has supplied no support for its proclamation that any information revealed by this CI or pertaining to the CI's identity belongs exclusively to the DOJ. Further, DOJ has provided no explanation or protocol for how intelligence and/or confidential resources should be shared between a federal agency and state office.

B.   **DECLARATORY JUDGMENT THAT DOJ FAILED TO FOLLOW ITS OWN _TOUHY_ PROCEDURES WHEN REFUSING TO COMPLY WITH THE DEMAND FOR CONFIDENTUAL INFORMANT INFORMATION**

37. The preceding paragraphs 1-34 are incorporated herein.

38. The DOJ acted without observance to procedure required by law in violation of 5 U.S.C. § 706(2)(D) when the DOJ employee, AUSA Villasenor, failed to involve the Assistant Attorney General after deciding to refuse to comply with the demand for CI information.

39. Assuming, which Plaintiff contests, that the ATF supervised the investigation that led to Plaintiff's state court arrest and charging, according to 28 C.F.R. § 16.24(b)(3), (d)(1), AUSA Villasenor should have involved the Assistant Attorney General to allow the Assistant Attorney General to determine whether justice requires disclosure of the CI information.

40. Here, it appears AUSA Villasenor acted unilaterally in denying Plaintiff's demand for CI

information and such action is contrary to procedure required by law.

## CONCLUSION

For the above reasons and to be further supplemented by response and oral argument, Petitioner

seeks declaratory relief and the release of the Confidential Informant's name, alias, and contact

information.

DATED at Denver, Colorado this 4th day of December 2018.

 /s/ Kelly Meilstrup
Kelly Meilstrup,
Registration #42143
1600 Stout Street #1400
Denver, CO 80202
(858) 204-6375
KellyM@2nd-chair.com

Matthew A. Hardy
Registration #39226
Hardy & Juba, LLC
1150 Bannock Street
Denver, Colorado 80204
303-974-1080 (t)
303-974-1089 (f)
hardy@hardyjuba.com |

ATTORNEYS FOR PETITIONER

**On behalf of Plaintiff**

Abdullah Mallett

Sterling Correctional Facility

12101 Highway 61,

Sterling, CO 80751

CERTIFICATE OF SERVICE (CM/ECF)

 I HEREBY CERTIFY that I have, this 4th day of December, electronically filed the foregoing Notice with the Clerk of Court using the ECF system AND provided hand delivered service of this complaint and summons to the following agencies this same week.

Denver Field Division of the ATF

950 17th Street Suite 1800

Denver CO 80202

(will be delivered pursuant to CRCP 4(i))

Attorney General

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

(will be sent by certified mail pursuant to CRCP 4(i))

Kevin Traskos

Chief, Civil Division

U.S. Attorneys Office, District of Colorado

1801 California Street, Suite 1600

Denver, Colorado 80202

(will be delivered pursuant to CRCP 4(i))

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Kelly Meilstrup

　　　　　　　　　　　　　　　　　　　　　　　　KELLY MEILSTRUP

　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant